USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

NOV 21 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ANDRE HILL,                           :

                Plaintiff,     :

                             :      MEMORANDUM DECISION
    -against-                 :          AND ORDER

                             :      14 Civ. 9665 (GBD) (BCM)

COMMISSIONER OF SOCIAL SECURITY,      :

                             :

                Defendant.     :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff filed a motion on December 12, 2016 for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), after this Court remanded a decision of the Commissioner of Social Security ("Commissioner") that denied Plaintiff's application for disability insurance benefits. (ECF No. 21.) This matter was referred to the Magistrate Judge. (ECF No. 23.) Before this Court is Magistrate Judge Barbara Moses' Report and Recommendation ("Report," ECF No. 29), recommending that this Court grant Plaintiff's motion. (Report at 11.) The Report contains no clear error of law. Accordingly, this Court adopts the Report in full.

I.     **LEGAL STANDARD**

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, this Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection

1

has been made, a district court need only satisfy itself that there is no clear error on the face of the record") (internal citation omitted).

Magistrate Judge Moses advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (Report at 11.) No objections to the Report have been filed.

## II. AWARDING FEES AND COSTS UNDER SECTION 2412(D) OF EAJA

Section 2412(d) of EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs...." 28 U.S.C. § 2412(d)(1)(A). The section provides for two exceptions to such award: (1) when "the United States was substantially justified" or (2) when "special circumstances make an award unjust." *Id.* The Commissioner did not dispute that Plaintiff was the "prevailing party." (Report at 3.) Instead the Commissioner argued that special circumstances would make an award unjust because the remand was based on reasons not raised by Plaintiff's counsel. (*Id.*) Magistrate Judge Moses properly rejected this argument finding that Plaintiff's successful result rests in part on his counsel briefing one of the two grounds upon which the case was remanded. (*Id.* at 6.) Thus, there is no sufficient basis for finding that special circumstances make an award unjust in this case. (*Id.*)

Magistrate Judge Moses also found that the Commissioner had not satisfied the burden of showing that her position was substantially justified in denying Plaintiff's application for disability insurance benefits. (*Id.*) Magistrate Judge Moses correctly pointed to the fact that the second ground for remand was that the ALJ mischaracterized Plaintiff's testimony—a position not substantially justified in any case. (*Id.* at 11.)

Finding no clear error of law, this Court adopts the Report in full.

2

## II. CONCLUSION

Plaintiff's motion is GRANTED. Plaintiff is awarded attorneys' fees and the cost of filing in the amount of $9,332.38.[1]

Dated: New York, New York
November 21, 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] Due to a clerical error, the Report did not to account for the $350.00 filing fee in the award calculation. An award of attorneys' fees and costs is GRANTED in the total amount of $9,332.38.

3